Steven L. Rinehart (USB #11494)
**VESTED LAW, LLP**
2912 W. Executive Parkway Ste 240
Lehi, UT 84043
Telephone: (888) 941-9933
Mobile: (801) 347-5173
Email: srinehart@utahpatentattorneys.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MABE, LLC, a limited liability company;<br><br>                             Plaintiffs,<br>vs.<br><br>XIAMEN NEW BABY PRODUCTS CO. LTD, a foreign entity; NEST BLANCE TEAM, a foreign entity; CHANGQUAN ZHONG, an individual; and SARAH WIE, an individual;<br><br>                             Defendants. | **COMPLAINT**<br><br>Case No. 2:24-cv-00742<br><br>Judge: |

COMES NOW Plaintiff Mabe, LLC ("Plaintiff"), by and through counsel undersigned, and for cause of action against Defendants hereby alleges and claims as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Mabe, LLC is a limited liability company organized under the laws of the State of Idaho and doing business in Utah.

1

2. Upon information and belief, Defendant Nest Blanche Team ("Nest Blanche") is a corporation formed under the laws of the People's Republic of China with its principal place of business in Fujian Province, China.

3. Defendant Changquan Zhong is an individual residing in the People's Republic of China, and husband of Mrs. Zhong.

4. Defendant Sara Wei is an individual residing in the People's Republic of China, and wife of Mr. Zhong.

5. This is an action for common law trademark infringement, unfair competition and false and misleading advertising under inter alia Section 43 of the Lanham Act, 28 U.S.C. § 1125 and 15 U.S.C. § 1052 et seq. A declaration of trademark invalidity is sought under Sections 2(d) and 43(c) of the Trademark Act, 15 U.S.C. §§ 1052(d) and 1125(c). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(b) and 1331 because claims arise under § 43 of the Lanham Act, codified at 15 U.S.C. § 1125. This Court also has jurisdiction under 28 U.S.C. § 1332 and 1338(a); and under Utah Code Ann. § 78-27-24 (1996) through Fed R. Civ. P. 4(K)(1)(A), as well as supplemental jurisdiction over pendant claims pursuant to 28 U.S.C. § 1367.

6. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b), and under 15 U.S.C. §§ 1125.

7. This Court has personal jurisdiction of Defendants because, *inter alia*, they do business in the State of Utah pursuant to Utah Code Ann. § 78B-3-307(1)(b) and 78B-3-205 et seq.

**GENERAL ALLEGATIONS**

*Introduction*

8. Plaintiff and Defendants were formerly associated. Until only a few weeks ago, Defendants in China were manufacturing products sold by Plaintiff. Last month, after receiving notice from Plaintiff that Plaintiff was switching operations to another factory for manufacturing services, Defendants began interfering with Plaintiff's sales, economic relations, and trademark rights. In a vindictive attempt to harm or put Plaintiff out of business, Defendants began using and attempted to register Plaintiff's common law trademark with the U.S. Patent and Trademark Office. Defendants began selling products from Plaintiff's inventory as counterfeits on Amazon using Plaintiff's own copyrighted images. Defendants sent one or more emails to Plaintiff attempting to extort Plaintiff, informing Plaintiff that Defendants will only cease such behavior if Plaintiff switch manufacturing operations back to Defendants.

9. Defendants are copying content wholesale from Plaintiff's website, stealing images, and infringing the trade dress and common law trademark of Plaintiff for the purpose of confusing visitors and potential customers of Plaintiff and harming Plaintiff, whose business exists online.

10. Defendants have engaged in ongoing concerted, anticompetitive, tortious and unlawful actions all calculated to interfere with Plaintiff's economic relations and harm or put Plaintiff out of business in violation of federal and state statutes and common law.

*Factual Background and Common Law Rights*

11. In late 2023, Plaintiffs hired Defendant Xiamen New Baby Products to manufacture and supply Plaintiff with a family of a baby carrier harnesses which straps to the body of a caregiver.

12. After pricing and other details were negotiated, beginning in November of 2023, Defendant Xiamen New Baby Products began shipping these products to Plaintiff in the U.S.

13. Plaintiff labeled these products with the brand identifier MABĒ, which Plaintiff has been using as a common law brand identifier for almost a year, including through Plaintiff's successor-in-interest.

14. Over the course of 2024, as a result of thousands of manhours, investment, and effort, Plaintiff has built the MABĒ into a distinctive identifier of Plaintiff's product which it is. Plaintiff has spent millions of dollars on cost-per-click and cost-per-impression advertising online, resulting in thousands of sales.

15. Defendants repeatedly shipped inventory ordered by Plaintiff directly to Plaintiff's shipping facility in Utah.

16. After selling thousands of these products, Plaintiff has developed secondary meaning in the MABĒ trademark which has become well-known and favorably known throughout the United States.

17. The MABĒ trademark has become famous and customers, individuals, and other entities have come to recognize MABĒ as the distinctive identifier of Plaintiff's services which it is.

18. As such, the Plaintiff is the owner of a valid and subsisting common law U.S. trademark in MABĒ.

19. Plaintiff's best-selling product features unique patterning which is readily identifiable and associated with the Plaintiff. This product is shown to the right. Plaintiff has sold thousands of these products.



4

        This product, in connection with the patterning shown upon it, has come to be famous and acquired secondary meaning associated with Plaintiff. Much of the advertising, manhours, and effort invested in the MABĒ family of products has focused on this product in particular. As such, Plaintiff has common law trade dress rights in this product with the shown patterning.

20. In August of 2024, after working with Defendants for approximately nine months, Plaintiff decided to switch manufacturing operation to a different factory in China and duly notified Defendants of the same.

21. Within days of receiving notice from Plaintiff, Defendants began undertaking efforts to harm Plaintiff's business for the purpose of forcing Plaintiff to again start ordering product from Defendants.

22. On August 12, 2024, Defendant Chanquan Zhong, the husband of the owner of the factory formerly manufacturing for Plaintiff, filed a U.S.  trademark application, for MABE, Serial No. 98695028, details of which are attached hereto as **Exhibit A**.

23. In this trademark application, Defendants purport to have started selling products labeled as MABE products on August 12, 2024.

24. Defendants refused to withdraw this trademark application when requested to do so by Plaintiff.

25. Additionally, in August of 2024, Defendants began posting baby carriers on Amazon using Plaintiff's copyrighted images.

26. On, or about, August 30, Defendants posted an Amazon listing using Plaintiff's copyrighted images.

27. After Plaintiff complained to Amazon, Defendants altered the face on the images slightly and reposed the products on Amazon as shown in **Exhibit B** hereto.



28. After Amazon removed this listing, Defendants again posted yet a new listing making use of Plaintiff's images as shown below:



29. Defendants have continued posting products from Plaintiff's inventory on Amazon using Plaintiff's images including those collectively shown in **Exhibit C** hereto.

6

30. Defendants then sent Plaintiff emails informing Plaintiff that Defendants would cease their tortious activities only if Plaintiff rehired Defendants for manufacturing.

31. In addition to using Plaintiff's copyrighted images, Defendants are using Plaintiff's common law trade dress to create an overall appearance of Plaintiff and to mimic Plaintiff and its trade dress.

32. Defendants have lifted images wholesale from Plaintiff's website as evidenced by the screenshots of the Amazon listing.

33. By selling products using the MABE trademark, Defendants are further intentionally and falsely misrepresented themselves to be Plaintiff and create the illusion of legitimacy in an attempt attract market share from Plaintiff.

34. Defendants are attempting to interfere with nearly every aspect of Plaintiff's business model and extort the Plaintiff into remunerating Defendants to cease such conduct.

35. All of these actions manifest not just an intentional attempt to destroy Plaintiff's actual and prospective economic relations, but a recognition of the notoriety and repute of Plaintiff and Plaintiff's common law marks and trade dress.

36. Defendants have repeatedly infringed common law trademarks and trade dress of Plaintiff.

37. The use of Plaintiff's common law marks constitutes trademark infringement.

38. Consumers are confused and lured using Defendants' deception to Defendants' products believing they are associated with Plaintiff.

39. Defendants' activities create identity confusion on the part of prospective customers of Plaintiff.

40. Defendants' actions have and will continue to irreparably harm Plaintiff.

41. Plaintiff has suffered damages as a consequence of Defendants' actions.

42. Defendants' unlawful conduct has and will damage the Plaintiff through the loss of customers, profits, business, reputation, and good will. Plaintiff has suffered further damage through expenditures associated with bringing this action.

## FIRST CAUSE OF ACTION
## UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)

43. Plaintiff incorporates and re-alleges all of the foregoing paragraphs as if fully set forth herein.

44. On information and belief, Defendants'' actions, in commerce, to entice Internet consumers to Defendants' counterfeit products using Plaintiff's copyrights and trademarks likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of the Defendants' goods and services with Plaintiff or Plaintiff's trademarks; or as to the origin, sponsorship, or approval of the Defendants' goods, services, and commercial activities by Plaintiff under the MABĒ trademark.

45. Defendants' continued use of the MABE trademark without the prior authorization of Plaintiff infringes Plaintiff's exclusive rights in that trademark and constitutes violations of Section 43 of the Lanham Trademark Act, 15 U.S.C. § 1125(a).

46. Defendants' continued use of Plaintiff's trade dress without the prior authorization of Plaintiff infringes Plaintiff's exclusive rights in that trade dress and constitutes violations of Section 43 of the Lanham Trademark Act, 15 U.S.C. § 1125(a).

47. Defendants' actions as described above have also caused and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of

Plaintiff's goods, services, or commercial activities by Plaintiff, and thus constitute false designations of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(a).

48. Defendants have committed the acts alleged above with the previous knowledge of Plaintiff's use and superior rights to the MABĒ trademark trade dress.

49. Further, Defendants' actions were for the willful and calculated purpose of trading upon Plaintiff's goodwill and for the willful and calculated purpose of misleading and deceiving purchasers and the public with an intent to reap the benefit of the MABĒ trademark and

50. Defendants have intended to divert consumers from Plaintiff to harm Plaintiff's goodwill in the Marks.

51. Plaintiff has been damaged extensively as a result of Defendants' unlawful conduct.

52. By reason of Defendants' acts of false designation as alleged above, Plaintiffs has suffered, and will continue to suffer, substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet ascertained. Plaintiff is entitled to damages in an amount that will be ascertained according to proof pursuant to 15 U.S.C. §1117.

53. Defendants' acts alleged above have caused and will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law in that: (i) if Defendants' wrongful conduct continues, consumers are likely to become further confused about the nature of Plaintiff's services; (ii) Plaintiff's MABĒ trademark is a unique intellectual property, which has no readily determinable value; (iii) the infringement by Defendants constitutes an interference with Plaintiff's goodwill and customer relationships; and (iv) Defendants'

wrongful conduct, and the damages resulting to Plaintiff, is continuing. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. §1116(a).

54. Plaintiff is also entitled to recover its attorney fees and costs of suit from Defendants pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION

55. Plaintiff realleges and reincorporates each of the preceding paragraphs as though fully set forth herein.

56. Plaintiffs has invested, and continues to invest, significant time, money, and other resources in marketing Mabē products, and in creating goodwill with the online community.

57. At all relevant times, Plaintiff has been engaged in the business of marketing and selling baby carriers in interstate commerce via the Internet, including on <mabeproducts.com>.

58. Defendants have been engaged in the business of marketing and selling baby carriers and pet carriers.

59. At all relevant times, Defendants knew they were misappropriating Plaintiffs' images, trademarks and trade dress.

60. Defendants' statements with regard to its products are false using Plaintiff's images, copyrights, trademarks and trade dress are untrue statements of material facts that misrepresent the nature, characteristics, and quality of Defendants' products and are intended to and likely to deceive the public.

61. Nonetheless, Defendants made these false and misleading statements of fact willfully with an intent to deceive and mislead the public into believing that Defendants

organization and products were Plaintiff's with the intention of impersonating and/or misappropriating the good will of Plaintiff's marks, products and/or trade dress.

62. Defendants made each of the false statements identified herein in a commercial advertisement or promotion because they were made on Defendants' Amazon listing(s) and/or third-party websites.

63. Defendants' false and misleading statements identified herein have caused, and continue to cause damage to Plaintiff's business, reputation, goodwill, and the loss of sales and profits Plaintiff would have made, but for Defendants' acts.

64. Plaintiff is entitled to recover any profits obtained by Defendants as a result of its unfair competition.

65. This is an exceptional case, and Plaintiff is therefore entitled to recover attorney fees from Defendants.

66. As a result of the unfair competition complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of unfair competition. Such irreparable harm includes as least (i) erosion to the demand for Plaintiff's products as consumers of Defendants' products are induced to purchase; and (ii) erosion of Plaintiff's online rankings. These harms cannot be calculated or compensated for in monetary terms, and are therefore irreparable.

67. Plaintiff is also entitled to an injunction prohibiting Defendants from committing further acts of unfair competition, including an order to Amazon taking down Defendants' listings.

**THIRD CAUSE OF ACTION**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

**15 Utah Code § 13-5a-101 et seq.**

68. Plaintiffs realleges and reincorporates each of the preceding paragraphs as though fully set forth herein.

69. Upon information and belief, Defendants' intentional business acts and practices of using Plaintiff's trademarks and trade dress in connection with its products are unlawful, unfair, and fraudulent.

70. Defendants' acts have led to a material diminution in value of Plaintiff's intellectual property, including the MABĒ mark.

71. Defendants' acts, as alleged above, constitute unfair competition as defined by Utah Code § 13-5a-102(4)(a).

72. Plaintiff is entitled to damages for Defendants' acts of unfair competition pursuant to Utah Code § 13-5a-103(1)(b)(i), the amount of which will be determined by an accounting and subject to proof at trial.

73. Plaintiff is also entitled to its costs and attorney fees pursuant to Utah Code § 13-5a-103(1)(b)(ii), the amount of which will be determined at trial.

74. Plaintiff is also entitled to punitive damages for the acts of unfair competition by Defendants pursuant to Utah Code § 13-5a-103(1)(b)(iii), at the discretion of the Court.

**FOURTH CAUSE OF ACTION**
**COMMON LAW TRADEMARK INFRINGEMENT - MABE**

75. Plaintiff realleges and reincorporates each of the preceding paragraphs as though fully set forth herein.

76. Plaintiff is the current owner of a valid and subsisting common law trademark in MABE in trademark class 18 for baby carrying devices.

77. Defendants have deliberately and willfully attempted to trade on Plaintiff's standing and hard-earned goodwill in its MABĒ mark and the reputation Plaintiff has established in connection with their products, as well as to confuse consumers as to the origin and sponsorship of Defendants' goods and to pass their products off as those of Plaintiff by selling pet-carrying products using the MABE mark.

78. Defendants' unauthorized and tortious conduct has also deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its products offered under Plaintiff's mark, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendants.

79. Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with Plaintiff, and as to the origin, sponsorship or approval of Defendants and their products, in violation of common law.

80. Internet traffic to Amazon and/or Defendants' website constitutes individuals initially interested and lured to Defendants by the notoriety of the Plaintiff's Mark.

81. As a result of Defendants' aforesaid conduct, Plaintiffs has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Plaintiff in the MABĒ mark and trade dress.

82. This continuing loss of goodwill cannot be easily calculated and thus constitutes irreparable harm and an injury for which Plaintiffs have no adequate remedy at law.

83. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**FIFTH CAUSE OF ACTION**
**COMMON LAW TRADE DRESS INFRINGEMENT**

84. Plaintiff realleges and reincorporates each of the preceding paragraphs as though fully set forth herein.

85. Plaintiffs is the owner of a valid and subsisting common law trade dress as specified above.

86. Defendants have deliberately and willfully attempted to trade on Plaintiff's standing and hard-earned goodwill in its trade dress and the reputation Plaintiff has established in connection with its products, as well as to confuse consumers as to the origin and sponsorship of Defendants' goods and to pass their products off as those of Plaintiff by using Plaintiff's trade dress.

87. Defendants' unauthorized and tortious conduct has also deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its products offered under Plaintiff's trade dress, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendants.

88. Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with Plaintiff, and as to the origin, sponsorship or approval of Defendants and their products, in violation of common law.

89. Internet traffic to Defendants' Amazon listing and website(s) constitutes individuals initially interested and lured to Defendants by the notoriety of the Plaintiff's trade dress.

90. As a result of Defendants' aforesaid conduct, Plaintiff has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Plaintiff in their trade dress. This continuing loss of goodwill cannot be easily calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law.

91. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## SIXTH CAUSE OF ACTION
## FALSE ADVERTISING
## 15 U.S.C. § 1125(a)

92. Plaintiff realleges and reincorporates each of the preceding paragraphs as though fully set forth herein.

93. Defendants are falsely marking their pet carrying products as MABE products and using Plaintiff's trade dress and copyrights to falsely designate products for sale on Amazon.

94. Defendants' actions constitute false advertising.

95. As a result of Defendants' infringement, Plaintiff has suffered irreparable harm. Unless Defendants are permanently enjoined from further infringement, Plaintiff will continue to suffer irreparable harm.

96. A permanent injunction is necessary to prevent Defendants from further interference with Plaintiff's intellectual property, including an order that Defendants cease all use of confusingly similar variations of Plaintiff's marks and trade dress, as well an order to third parties such as Amazon removing Defendants' listings.

97. As a result of Defendants' infringement under 15 U.S.C. § 1114, Plaintiff has been injured and is entitled to damages, including but not limited to, Plaintiff's lost profits from Defendants' actions, actual damages to be determined at trial, treble damages, statutory damages, and costs and attorney fees.

## SEVENTH CAUSE OF ACTION
## DECLARATION OF TRADEMARK INVALIDITY

98. Plaintiff realleges and reincorporates each of the preceding paragraphs as though fully set forth herein.

99. Defendants' are using Plaintiff's trademark for MABE to sell product, knowing of Plaintiff's superior and prior rights in the MABĒ trademark.

100. Defendants' attempt to register MABE as a trademark in class 18 before the United States Patent and Trademark Office (USPTO) is therefore unlawful and Defendants' trademark invalid under Sections 2(d) and 43(c) of the Trademark Act, 15 U.S.C. §§ 1052(d) and 1125(c).

101. As such, the Court should issue an order declaring Defendants' MABE trademark invalid, and order the USPTO abandon Defendants' pending trademark application. Plaintiff seeks a declaration of the same.

### EIGHTH CAUSE OF ACTION
### INTENTIONAL INTERFERENCE WITH EXISTING AND PROSPECTIVE ECONOMIC RELATIONS

102. Plaintiff incorporates and realleges all of the foregoing paragraphs as if fully set forth herein.

103. Defendants have intentionally interfered with Plaintiff's existing and potential economic relations by attempting post counterfeit products for sale online and informing Plaintiff of their intention to continue harming Plaintiff unless Plaintiff began again buying product from Defendants.

104. Plaintiff has been injured as a result of Defendants' interference.

105. Defendants interfered with Plaintiff's existing and potential economic relations through the improper means of inter alia: (a) infringing Plaintiffs' trademark and trade dress; (b) posting counterfeit products for sale online; (c) misappropriating Plaintiff's images; (d) publishing content on the Internet which has resulted in significant hardship to Plaintiff's

operations and caused Plaintiff to lose significant benefit inherent in their economic relations.

106. These actions have been undertaken by Defendants with the knowledge that other parties had an existing or prospective business relationship with Plaintiff and with the intention of interfering with that relationship.

107. Defendants' wrongful interference with Plaintiff's business relations has been willful and deliberate and caused Plaintiff to incur loss and damage.

## NINTH CAUSE OF ACTION
## DECEPTIVE TRADE PRACTICES
## 15 Utah Code § 13-5a-101 et seq.

108. Plaintiff realleges and reincorporates each of the preceding paragraphs as though fully set forth herein.

109. Defendants have falsely and intentionally misrepresented their products online as originating with Plaintiff.

110. Defendants are liable to Plaintiff for deceptive trade practices. Defendants are also liable for additional monetary damages to Plaintiff in an amount to be determined.

## TENTH CAUSE OF ACTION
## UNJUST ENRICHMENT

111. Plaintiff realleges and reincorporates each of the preceding paragraphs as though fully set forth herein.

112. Through unlawful means, Defendants have benefited economically at Plaintiff's expense.

113. A benefit has been conferred on Defendants at Plaintiff's expense in the form of lost profits and lost market share.

114. Defendants appreciated and had knowledge of this benefit has Defendants sought and schemed unlawfully for its realization.

115. Defendants accepted and have retrained this benefit under such circumstances as to make it inequitable for Defendants to retain this benefit without payment of its value to Plaintiff.

116. Defendants are liable for unjust enrichment to Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, on the above claims, Plaintiff prays for judgment against Defendants as follows:

1. For judgment holding Defendants liable for false advertising pursuant to 15 U.S.C. § 1125(a);

2. For a preliminary and permanent injunction, under 15 U.S.C. § 1116, restraining and enjoining Defendants, their agents, servants, employees, officers and those persons in act of concert or participation with Defendants, from any further deceptive trade practice, intentional interference, trademark infringement of Plaintiff's marks, trade dress infringement, further false advertising, and further defamatory conduct – including an order that websites hosting Defendants products such as Amazon promptly and permanently remove such listings including Defendants' Amazon store.

3. That the Court enter a judgment against Defendants they have infringed and/or are infringing Plaintiff's common law trademarks and trade dress pursuant to 15 U.S.C. § 1125(a);

4. For judgment holding Defendants liable for common law trademark infringement;

5. For a judgment holding Defendant liable for unfair competition pursuant to Utah Code § 13-5a-102(4)(a);

6. For a judgment holding Defendant liable for copyright infringement;

7. That Defendants pay damages to Plaintiff for other violations of § 43 of the Lanham Act, codified at 15 U.S.C. § 1125.

8. For a judgment holding Defendant liable for intentional interference with economic relations;

9. For a judgment holding Defendant liable for deceptive trade practices pursuant to Utah Code § 13-11a-3;

10. For an award of costs, profits, and damages, which damages and profits are then trebled, under 15 U.S.C. § 1117;

11. That Defendants' unlawful actions be declared exceptional and Plaintiff be awarded its reasonable attorney fees under, inter alia, 15 U.S.C. § 1117;

12. For an award of damages pursuant to Utah Code § 13-5a-103(10(b)(i), in amount to be established upon proper proof at trial;

13. For costs and attorney fees pursuant to Utah Code § 13-5a-103(1)(b)(ii);

14. For punitive damages pursuant to Utah Code § 13-5a-103(1)(b)(iii);

15. For any other such relief as the Court may deem necessary.

DATED AND SIGNED this 4th day of October, 2024.

/s/ [signature]

STEVEN L. RINEHART
*Attorney for Plaintiff*